UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PORTER,

       Petitioner,

                                      Case No. 15-11076
v.                                     Honorable Gerald E. Rosen

SHAWN BREWER,

       Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE COURT
OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

### I. Introduction

This matter has come before the Court on petitioner John Porter's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition and supporting affidavit allege that Petitioner initially was charged in Wayne County, Michigan with first-degree murder. He states that, following a bench trial in 1978, he was convicted of second-degree murder, assault with intent to do great bodily harm less than murder, and felony firearm. Petitioner claims that the trial court sentenced him to life imprisonment for the murder, six to ten years in prison for the assault, and a consecutive term of two years in prison for the firearm offense. Petitioner apparently appealed his convictions without success on the ground that he was

denied effective assistance of counsel.       Petitioner filed his habeas corpus petition in this Court on March 20, 2015. His sole ground for relief reads: "I have did my time on second degree murder, where they say life mean[s] life." Pet. at page 5. The supporting facts read:

> Jurisdictional defect, being punish[ed] for the same offense twice. Jurisdictional defects require correction regardless of whether error raised in lower court.

*Id*.

Petitioner explains in an affidavit attached to his habeas petition that, before trial, the prosecutor offered to dismiss the assault charge if Petitioner pleaded guilty to second-degree murder and felony firearm with a sentence of ten to twenty years in prison for the murder conviction and two additional years in prison for the firearm conviction. Petitioner claims that he rejected the offer on the basis of his attorney's advice. He contends that his attorney led him to believe that the attorney could "beat the case" and convince the trial judge to find Petitioner not guilty by reason of temporary insanity due to his intoxication at the time of the crime. Petitioner states that he would have accepted the prosecutor's plea offer if he had known that his attorney was misleading him about the probable outcome of his case.

## II. Discussion

A review of federal court records indicates that this is Petitioner's fourth habeas corpus petition. His first petition, filed in 1985, was denied on the merits. *See Porter v. Foltz*, No. 85-cv-60510 (E.D. Mich. Oct. 8, 1986). In 1991, Petitioner filed a second habeas petition, which was dismissed as an abuse of the writ. *See Porter v. Grayson*, No. 91-cv-75759 (E.D. Mich. Sept. 14, 1993). And, in 2004, Petitioner filed a third petition, which was transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. *See Porter v. Jackson*, No. 04-cv-71211 (E.D. Mich. Oct. 28, 2004). The Sixth Circuit denied leave to file a second or successive petition. *See in re: Porter*, No. 04-2351(6th Cir. Mar. 22, 2005).

Because Petitioner's initial petition was denied on the merits, the current petition is considered a "second or successive" petition for purposes of 28 U.S. C. § 2244(b). *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). A person who wishes to file a second or successive habeas corpus petition under § 2254 must first ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (explaining that the Antiterrorism and Effective Death Penalty Act of 1996 "established a

'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts" and that "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application"). "[T]his requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . . ." *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has applied for permission from the Court of Appeals for the Sixth Circuit to file a successive habeas corpus petition. *See In re: John Porter*, No. 14-2451 (6th Cir. Nov. 13, 2014). To date, however, the Sixth Circuit has not ruled on Petitioner's application. Accordingly, IT IS ORDERED that the Clerk of

---

[1] Section 1631 of Title 28, United States Code, states that,

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

the Court shall transfer the habeas petition to the Sixth Circuit Court of Appeals for a determination of whether this Court may consider Petitioner's claims.

                                       s/Gerald E. Rosen
                                       Chief Judge, United States District Court

Dated: April 22, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2015, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5135